## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

AUGUSTIN AUGUSTIN,

                             Plaintiff,

       v.

GLENCORE LTD., GENERAL ENGINEERING
CORPORATION, and GEC, LLC,

                           Defendants.

CASE NO. 1:22-CV-00023

JURY TRIAL DEMANDED

## DEFENDANT GLENCORE LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM

Defendant Glencore Ltd. ("Glencore") responds as follows to the correspondingly-numbered paragraphs set forth in the Amended Complaint filed on December 9, 2020 on behalf of Plaintiff:

## PARTIES, JURISDICTION AND VENUE

1. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

2. Glencore admits it is a Swiss foreign business corporation and denies the remainder of paragraph 2 of the Amended Complaint.

3. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

4. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

5. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

6.  Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

**FACTUAL ALLEGATIONS RE: THE PLAINTIFF**

7.  Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

8.  Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

9.  Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

10. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

11. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

12. Denied

13. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

14. Paragraph 14 of the Amended Complaint states relief requested by plaintiff.  No response is required, but to the extent a response is required, Glencore denies that plaintiff is entitled to such relief, and Glencore denies the remaining allegations of the paragraph.

**FACTUAL ALLEGATIONS VIS-À-VIS INDUSTRIAL EXPOSURES**

15. Denied as stated.

16. Denied as stated.

17. Denied as stated.

## FACTUAL ALLEGATIONS VIS-À-VIS THE ALUMINA REFINERY

18. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

19. Glencore admits its indirect subsidiary VIALCO purchased the Alumina Refinery in 1989, and denies the remaining allegations as stated.

20. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

21. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

22. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

23. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

24. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

25. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

26. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

27. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## CAUSES OF ACTIONS AGAINST GLENCORE LTD.

### Count 1 – Chattel Known to Be Dangerous for Intended Use

28. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Amended Complaint, and denies Plaintiff's allegation.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

### Count 2 – Chattel Unlikely to be Made Safe for Use

33. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Amended Complaint, and denies Plaintiff's allegation.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### Count 3 – Chattel for Use by Person Known to be Incompetent

38. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Amended Complaint, and denies Plaintiff's allegation.

39. Denied.

40. Denied.

41. Denied.

### Count 4 – Chattel Used to Supplier's Business Purpose

42. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Amended Complaint, and denies Plaintiff's allegation.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**Count 5 – Negligent Undertaking**

47. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Amended Complaint, and denies Plaintiff's allegation.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**CAUSES OF ACTION AGAINST GENERAL ENGINEERING CORP. AND/OR GEC LLC AS SUCCESSOR-IN-INTEREST TO GENERAL ENGINEERING CORP.**

**Count 6 – Negligence**

52. Glencore incorporates by reference and re-alleges its above responses to the preceding paragraphs of the Amended Complaint. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

53. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

54. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

55. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

56. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

57. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

58. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

59. Glencore is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore the allegation is denied.

## JURY TRIAL DEMANDED

60. Paragraph 60 of the Amended Complaint states a legal conclusion as to which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any exposure by plaintiff to silica contained in bauxite supplied by GLENCORE, as alleged in the Amended Complaint, was so minimal as to be insufficient to establish within a reasonable degree of certainty or probability that the injuries and damages claimed resulted from any exposure to such silica.

### Second Affirmative Defense

If plaintiff sustained any injuries or illness as a result of exposure to any silica contained in bauxite sold or supplied by GLENCORE, such injuries were proximately caused by the acts or omissions of plaintiff's employers or of the owner and operators of the alumina plant, all of whom were sophisticated purchasers and knowledgeable intermediaries, in failing to take adequate precautions, failing to provide plaintiff with a safe work place, and failing to warn plaintiff of any health hazards that may have been associated with exposure to silica dust.

## Third Affirmative Defense

GLENCORE had no control over the working conditions, methods of construction or maintenance, or other factors pertaining to the use of bauxite or the silica products described in the Amended Complaint.  Plaintiff's employers and the owners and operators of the alumina plant at all times were responsible for working conditions, methods of application, and other factors pertaining to said products, and all such employers and the owner and operator of the alumina plant were possessed of the same or greater knowledge as this defendant.  Hence, the duty, if any, to warn plaintiff of the hazards described was a duty placed upon and assumed by plaintiff's employers, and by the owner and operator of the alumina plant; and, thereby, this defendant was relieved of said duty.

## Fourth Affirmative Defense

The owners and operators of the alumina plant, and the various employers of plaintiff, knew or should have known of any health hazard associated with exposure to silica.  The failure of such entities to act in a prudent fashion constitutes negligence which proximately caused, and substantially or solely contributed to, plaintiff's alleged injuries, and these former entities are solely liable to plaintiff for any injuries plaintiff may have sustained.

## Fifth Affirmative Defense

If it is proven that bauxite was furnished by GLENCORE to the alumina plant or to plaintiff's employers and that plaintiff was exposed to any silica contained in such bauxite, any such bauxite was supplied in strict conformity to the specifications furnished through such employers or by the owner or operator of the alumina plant.

## Sixth Affirmative Defense

GLENCORE's products and labels complied in all respects with federal regulations.  To

the extent that plaintiff asserts that GLENCORE failed to give adequate warnings about any of its products, federal law and federal regulations, including, _inter alia_, those promulgated under or by the Occupational Safety and Health Administration, preempt such claims.

### Seventh Affirmative Defense

All activities of GLENCORE alleged in the Amended Complaint conformed to statutes, governmental regulations and industry standards based upon the state of knowledge existing at the times alleged in the Amended Complaint.

### Eighth Affirmative Defense

If any bauxite was supplied by GLENCORE during the time period alleged by plaintiff, the products supplied by GLENCORE all contained appropriate caution labeling and GLENCORE provided appropriate warnings.

### Ninth Affirmative Defense

The improper use, alteration, modification or abuse of the products and materials described in the Amended Complaint was the sole proximate cause or a substantially contributing cause of plaintiff's alleged injuries, damages or losses.

### Tenth Affirmative Defense

To the extent that plaintiff suffered injuries attributable to the use of any product referred to in plaintiff's Amended Complaint, which injuries are expressly denied, the injuries were solely caused and attributable to the unreasonable, unforeseeable, inappropriate and improper use that was made of the products.

### Eleventh Affirmative Defense

Plaintiff's damages, if any, are a result of intervening causes which completely superseded any negligence on the part of GLENCORE, which negligence is denied, or any

defects contained within its products, which are also denied.

## Twelfth Affirmative Defense

Exposure to silica was not the proximate cause of any illness, loss or injury which plaintiff may have suffered.

## Thirteenth Affirmative Defense

Plaintiff knowingly assumed all risks, if any, in the use and handling of and exposure to the products and materials described in plaintiff's Amended Complaint, and at all times was aware of the hazards, dangers or unsafe conditions which are alleged by plaintiff. Additionally, the dangers were open and obvious to plaintiff.

## Fourteenth Affirmative Defense

The smoking of cigarettes or the inhalation of or exposure to other toxic materials by plaintiff produced or substantially contributed to producing at least a portion of plaintiff's damages, if any. Plaintiff's damages should therefore be reduced by the proportion attributable to this and any other non-silica causes.

## Fifteenth Affirmative Defense

Plaintiff may have been guilty of negligence which proximately contributed to any sickness, injury or disease which allegedly was suffered, and such negligence bars or diminishes plaintiff's claims. This negligence may include, but may not be limited to, the use of tobacco products, the failure to take reasonable precautions for safety in the work place, and the failure to take adequate safety measures while working around or with silica products.

## Sixteenth Affirmative Defense

If plaintiff is found to have suffered any injuries, losses or damages as a result of the negligence of GLENCORE, all of which is expressly denied, then plaintiff's recovery must be

diminished in proportion to the amount of negligence attributable to plaintiff; and, furthermore, GLENCORE is entitled to contribution pursuant to Virgin Islands Code, title 5, section 1451(b) against any other defendants whose negligence proximately caused such damages.

### Seventeenth Affirmative Defense

Parties to this action other than GLENCORE, and nonparties, are legally responsible for any damages alleged in the Amended Complaint, which damages are herein denied. Therefore, pursuant to Virgin Islands Code, title 5, section 1451(d), in the event of any liability, whether by settlement or judgment, in favor of any other party and against GLENCORE, the Court or jury should apportion fault as to all parties. Furthermore, GLENCORE requests a judgment and declaration of indemnification and contribution against all other parties or persons in accordance with the apportionment of fault between the parties.

### Eighteenth Affirmative Defense

Any loss, injury or damage incurred by plaintiff, if any, was proximately caused by the negligent or willful acts or omissions of parties or nonparties which GLENCORE did not control, and was not proximately caused by any acts, omissions or other conduct of GLENCORE.

### Nineteenth Affirmative Defense

Plaintiff has failed to state a cause of action upon which relief may be granted with respect to some or all of the claims asserted against GLENCORE.

### Twentieth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, election, laches, estoppel and/or unclean hands.

### Twenty-First Affirmative Defense

Plaintiff's damages, if any, are completely or in part the result of plaintiff's failure to mitigate as required by law.

### Twenty-Second Affirmative Defense

Plaintiff's claims may be barred by applicable workers' compensation laws.

### Twenty-Third Affirmative Defense

To the extent that plaintiff's alleged injuries resulted from the actions of fellow servants, plaintiff is not entitled to recover from GLENCORE.

### Twenty-Fourth Affirmative Defense

Any recovery had by plaintiff must be reduced or set off by collateral sources paid to plaintiff.

### Twenty-Fifth Affirmative Defense

To the extent that various parties have concluded or may conclude any settlements with plaintiff, GLENCORE is entitled to a set off for any amount paid or to be paid.

### Twenty-Sixth Affirmative Defense

Plaintiff may have released, settled, entered into in accord and satisfaction, or otherwise compromised plaintiff's claims; accordingly, any such claims are barred by payment, accord and satisfaction, release and/or res judicata, or GLENCORE is entitled to a setoff in the amount of any payments received by plaintiff.

### Twenty-Seventh Affirmative Defense

Under the circumstances described in the Amended Complaint an award of punitive damages would be unconstitutional, would constitute a denial of due process, and would put GLENCORE in double jeopardy.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or statue of repose.

### Twenty-Ninth Affirmative Defense

GLENCORE relies upon the sophisticated purchaser defense as set forth in the Restatement (Second) of Torts § 388 or as otherwise adopted under Virgin Islands jurisprudence.

### Thirtieth Affirmative Defense

Venue is improper in this district.

### Thirty-First Affirmative Defense

Plaintiff's Amended Complaint should be dismissed for failure to add one or more necessary and indispensable parties.

### Thirty-Second Affirmative Defense

The Court lacks jurisdiction over Glencore Ltd because service was effected, if at all, no earlier than March 14, 2022, beyond the 120 day deadline for service provided by Virgin Islands Rule of Civil Procedure 4(n).

### Thirty-Third Affirmative Defense

GLENCORE adopts and incorporates by reference any and all affirmative defense pled by any other defendant.   In addition, GLENCORE will rely on any future defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for purposes of asserting any such affirmative defenses.

**WHEREFORE**, Glencore, Ltd. prays for judgment as follows:

1.      That plaintiff take nothing by reason of the Amended Complaint filed herein;

2.      That Glencore be awarded costs of suit incurred herein;

3.     That if Glencore is found liable, the degree of responsibility and liability of all parties for the resulting damages be determined, and that Glencore be liable only for that portion of total damages which its liability bears to the total liability of all Defendants, reduced by any contributory negligence of plaintiff; and

4.     For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**HUNTER & COLE**
*Attorneys for Defendant Glencore LTD.*
Richard H. Hunter, Esq.
1138 King Street, Ste. 3
Christiansted, VI 00820
Tel: (340) 773-3535 / Fax: (340) 778-8241

Dated: April 20, 2022          By: /s/ *Richard H. Hunter*
                                        VI Bar No. 332
                                        rhunter@huntercolevi.com